| | |
|---|---|
| James G. Snell, Bar No. 173070<br>JSnell@perkinscoie.com<br>Brendan S. Sasso, Bar No. 332134<br>BSasso@perkinscoie.com<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304-1212<br>Tel: 650.838.4300<br>Fax: 650.838.4350 | Donald J. Kula, Bar No. 144342<br>DKula@perkinscoie.com<br>PERKINS COIE LLP<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067-1721<br>Tel: 310.788.9900<br>Fax: 310.788.3399 |

Nicola C. Menaldo, WA Bar No. 44459
(*pro hac vice application forthcoming*)
NMenaldo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206.359.8000
Fax: 206.359.9000

Attorneys for Defendant
LegalZoom.com, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ALBERT ALHADEFF, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEGALZOOM.COM, INC.,<br><br>　　　　Defendant. | Case No.<br><br>**NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT**<br><br>[Removed from the Superior Court of the State of California for the County of Los Angeles, Case No. 21STCV02361]<br><br>Complaint Filed: January 20, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant LegalZoom.com, Inc. ("LegalZoom") hereby removes this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California under 28 U.S.C. §§ 1332(d) and 1453. LegalZoom.com hereby provides a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. §1446(a).

## BACKGROUND

1. On January 20, 2021, Plaintiff Albert Alhadeff commenced a civil action entitled *Albert Alhadeff, individually and on behalf of all others similarly situated v. LegalZoom.com, Inc.*, Case No. 21STCV02361, in the Superior Court of the State of California, County of Los Angeles. A true and correct copy of the complaint ("Complaint") is attached as <u>Exhibit A</u>.

2. The Complaint alleges that LegalZoom uses tracking, recording, and/or "session replay" software to intercept electronic communications on its website. Compl. ¶ 1.

3. The Complaint asserts a claim for violations of the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq.* ("FSCA"). *Id.* ¶¶ 29-40.

4. Plaintiff purports to bring the claim on behalf of himself and a proposed class, defined as "[a]ll persons residing within the State of Florida who visited Defendant's website and whose electronic communications were intercepted

by Defendant or on Defendant's behalf without the prior consent of the person." *Id.* ¶ 19. Plaintiff seeks actual, liquidated, and/or punitive statutory damages; declaratory relief; injunctive relief; and reasonable attorney's fees and costs. *Id.* at p. 8.

5. On February 9, 2021, Plaintiff effected service of process of the summons and complaint on LegalZoom. *See* <u>Exhibit A</u>. No other "process, pleadings, [or] orders" have been served on LegalZoom. *See* 28 U.S.C. § 1446(a).

**REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT**

6. This action is removable under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") if Plaintiff had initially filed this action in federal court. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions). CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class consists of at least 100 members; (2) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant;" and (3) the aggregated amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

7. Based on the allegations as pled in the Complaint, which must be taken as true for purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

### *The Proposed Class Consists of at Least 100 Members*

8. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint includes "class action allegations," Compl. ¶ 19-28, and Plaintiff brings it on behalf "of himself and all others similarly situated," *id.* at p. 1. It is thus a putative class action for purposes of CAFA.

9. The proposed class is 100 or more. *See* Compl. ¶ 21 (stating that the class "is believed to be no less than 100 individuals").

### *Minimal Diversity Exists*

10. Diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A corporation is deemed to be a citizen of every state "by which it has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Plaintiff alleges he is a citizen of Florida. Compl. ¶ 5. The putative class in this case is limited to persons residing in Florida. *Id.* ¶ 19.

12. LegalZoom is a Delaware corporation with its principal place of business in Glendale, California. *See* <u>Exhibit B</u>, Declaration of David Samms ¶ 2. LegalZoom is thus a citizen of California and Delaware.[1]

13. Accordingly, because all proposed class members are citizens of Florida, and LegalZoom, which is the only named defendant, is not a citizen of Florida, CAFA's minimal diversity requirement is satisfied. *See also*, 28 U.S.C. § 1453(b) (providing that, under CAFA, a putative class action may be removed to a district court "without regard to whether any defendant is a citizen of the State in which the action is brought").

### ***The Amount in Controversy Exceeds $5,000,000.***

14. To remove a case from state court, the defendant must plead only "a short and plain statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018). This standard is satisfied when it is "facially apparent" from the complaint that the claims likely exceed $5,000,000. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89. Moreover, "[t]he amount in controversy is simply an estimate of the

---

[1] The complaint incorrectly asserts that LegalZoom is a California corporation. *See* Compl. ¶ 6. Because all putative class members are residents of Florida, CAFA's minimal diversity requirement would be satisfied even if this were true.

-5-

total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). It includes claims for monetary damages, restitution, penalties, attorneys' fees if recoverable by statute or contract, and punitive damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

15. Here, Plaintiff's Complaint plausibly alleges an amount in controversy in excess of $5,000,000, exclusive of interest and costs.

16. The FSCA provides for "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]" Fla Stat. Ann.§ 934.l0(b). Plaintiff also seeks "reasonable attorney's fees and other litigation costs reasonably incurred" pursuant to Fla Stat. Ann. § 934.l0(d). Compl. ¶ 39. And the Complaint seeks to certify a class of "[a]ll persons residing within the State of Florida who visited Defendant's website and whose electronic communications were intercepted by Defendant or on Defendant's behalf without the prior consent of the person." Compl. ¶ 19.

17. Since January 2019, more than 5,000 unique individuals from Florida visited the legalzoom.com website. *See* <u>Exhibit B</u>, Declaration of David Samms ¶ 3. *See also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("The parties [in a removal to federal court] may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal.") (citations omitted).

Because each of those individuals, according to Plaintiff's allegations, could claim at least $1,000 per violation, the complaint plausibly alleges damages exceeding $5,000,000. The complaint thus satisfies the amount in controversy requirement. *See Fritsch*, 899 F.3d at 788 ("The notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]") (citations omitted).

18. By the statements contained in this Notice of Removal, LegalZoom does not concede that Plaintiff is entitled to any damages or other relief.

### *None of CAFA's Exceptions Bar Removal*

19. This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

20. Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because all the proposed class members are citizens of Florida, not California.

21. Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (limiting § 1332(d)(2) to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiff's claim does not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor does it involve state-centric corporate governance issues.

## PROCEDURAL STATEMENT

### *All Defendants Consent to Removal*

22. Only LegalZoom has been named as a Defendant and served as of the filing of this Notice of Removal.

### *This Filing Is Timely*

23. Plaintiff served LegalZoom on February 9, 2021. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because LegalZoom filed it within 30 days after LegalZoom was served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 47-48 (1999) (30-day removal period is not triggered until formal service); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

*Venue of Removed Action*

24. Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(a) and 1441(a), because this "district and division embrac[e]" Los Angeles County, where the Complaint was initially filed.

*Notice to the State Court and Plaintiff*

25. Pursuant to 28 U.S.C. § 1446(d), LegalZoom is filing a copy of this Notice of Removal with the Superior Court of the State of California, County of Los Angeles, where this case was originally filed, and providing written notice of this removal to Plaintiff by serving Plaintiff's counsel with a Notice of Removal.

*Pleadings in the State Court*

26. In accordance with 28 U.S.C. § 1446(a), copies of all processes, pleadings, minutes, and orders served upon LegalZoom in this action are attached as Exhibit A. A true and correct copy of the Los Angeles Superior Court docket for this action is attached as Exhibit C.

**NON-WAIVER OF DEFENSES**

27. LegalZoom expressly reserves all its defenses. By removing the action to this Court, LegalZoom does not waive any rights or defenses available under federal or state law. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit. In addition, LegalZoom does not concede that Plaintiff states any

-9-

claim upon which relief can be granted, or that Plaintiff or the putative class are entitled to any relief of any kind or nature. *See Lewis*, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (plaintiffs should not "conflat[e] the amount in controversy with the amount of damages actually recoverable."). If any questions arise as to the propriety of the removal of this action, LegalZoom respectfully requests the opportunity to submit additional papers and to present oral argument.

WHEREFORE, LegalZoom.com hereby removes the above-entitled case to this Court.

DATED: March 10, 2021            **PERKINS COIE LLP**

By: */s/ James G. Snell*
James G. Snell, Bar No. 173070
JSnell@perkinscoie.com

Attorney for Defendant
LegalZoom.com, Inc.

-10-
NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT

# PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3150 Porter Drive, Palo Alto, California 94304-1212. On March 10, 2021, I deposited with Federal Express, a true and correct copy of the within documents:

**NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT**

in a sealed envelope, addressed as follows:

| | |
|---|---|
| Scott Edelsberg, Esq. (scott@edelsberglaw.com) Edelsberg Law, PA 925 Century Park E #1700 Los Angeles, CA 90067 | Manuel Hiraldo, Esq. (MHiraldo@Hiraldolaw.com) Hiraldo P.A. 401 E. Las Olas Blvd., Suite 1400 Fort Lauderdale, FL 33301 |

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 10, 2021, at Sunnyvale, California.



Ruth St. Amant

NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT 21STCV02361