EXHIBIT A


By the Book Attorney Service

**3637 Glendon Ave. Suite 203**
**Los Angeles, CA 90034**
info@bythebookattorneyservice.com
P (818) 445-7448  F (818) 584-7246

**STANDARD**

**Process Serving**

**626859**

| **FIRM NAME & ADDRESS:** | **CUST #: 000355** | **COURT / DESTINATION:** |
|---|---|---|
| Global Process Services Corp | **DUE DATE #:** | Stanley Mosk |
| P.O. Box 961556 | | 111 N. Hill Street, Los Angeles, CA 90012 |
| Miami, FL 33296 | | CASE# 21STCV02361 |
| **PHONE #:**(786) 287-0606 | | **HEARING DATE:** |
| **ATTN:** German Garcia | | CASE TITLE: Albert Alhadeff, Et Al VS. Legalzoom.com, Inc |
| **BILLING / FILE #:** | | **INSTRUCTIONS:** |
| **DATE / RECEIVED:** 2/9/2021 | | |
| **LAST DAY TO SERVE:** | | |
| **LAST DAY TO SUBSERVE:** | | **Assigned To: Tamar Ravid** |

Servee: **Legalzoom.com, Inc.**

Business Address: **United States Corporation Agents, Inc.**
**101 North Brand Blvd 11th Floor**
**Glendale, CA 91203**

**DOCS: Summons; Complaint; Minute Order; Notice of Case Assignment;**

| DATE | TIME | NOTES FROM Tamar Ravid | | |
|---|---|---|---|---|
| | | | PROCESS SVC | |
| | | | BAD ADDRESS | |
| | | | LOCATE | |
| | | | STAKE OUT | |
| | | | FEE ADV'D | |
| | | | RUSH SVC | |
| | | | PICKUP DELIVERY | |
| | | | SPECIAL | |
| | | | TOTAL | |

Physical Description:
  Age:         Height:        Skin:
  Sex:         Weight:        Eyes:
  Hair:        Marks:

☐ Personal Service
☐ Substituted Service
☐ Not Served

Served To: _____
Served At: _____
_____
_____

Title/Rel: _____
Date: _____
Time: _____
Server:

order #: 626859/WORKPx

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
LEGALZOOM.COM, INC., c/o United States Corporation Agents, Inc.
101 N Brand Blvd 11th Fl
Glendale, CA 91203

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ALBERT ALHADEFF, on behalf of himself and all others similarly situated,

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

FILED
Superior Court of California
County of Los Angeles

FEB 04 2021

Sherri R. Carter, Executive Officer/Clerk
By Rita Nazaryan, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: **CASE NUMBER:** (Número del Caso): 21STCV02361
(El nombre y dirección de la corte es):
Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Scott Edelsberg, Esq. 1925 Century Park E#1700, Los Angeles, CA 90067 305-975-3320 scott@edelsberglaw.com

DATE: FEB 04 2021    SHERRI R. CARTER    Clerk, by RITA NAZARYAN, Deputy
(Fecha)                                   (Secretario)                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear

EDELSBERG LAW, PA
Scott Edelsberg, Esq.
California Bar No. 330990
scott@edelsberglaw.com
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320

HIRALDO P.A.
Manuel Hiraldo, Esq.
Florida Bar No. 030380
(*pro hac vice* to be filed)
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
MHiraldo@Hiraldolaw.com
Telephone: 954-400-4713

*Counsel for Plaintiff and Proposed Class*

FILED
Superior Court of California
County of Los Angeles

JAN 20 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Tanya Herrera

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

ALBERT ALHADEFF, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

LEGALZOOM.COM, INC.,

Defendant.

CASE NO.: **21STCV02361**

CLASS ACTION

COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND INJUNCTIVE RELIEF

BY FAX

Plaintiff Albert Alhadeff brings this class action against Defendant LegalZoom.com, Inc. and alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

CLASS ACTION COMPLAINT

08:25:26 2021-01-20

## NATURE OF THE ACTION

1. This is a class action under the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq.* ("FSCA"), arising from Defendant's unlawful interception of electronic communications. Specifically, this case stems from Defendant's use of tracking, recording, and/or "session replay" software to intercept Plaintiff's and the class members' electronic communications with Defendant's website, including how they interact with the website, their mouse movements and clicks, information inputted into the website, and/or pages and content viewed on the website.

2. Defendant intercepted the electronic communications at issue without the knowledge or prior consent of Plaintiff or the Class members. Defendant did so for its own financial gain and in violation of Plaintiff's and the Class members' privacy rights under the FSCA. Such clandestine monitoring and recording of an individual's electronic communications has long been held a violation of the FSCA. *See, e.g., O'Brien v. O'Brien,* 899 So. 2d 1133 (Fla. 5th DCA 2005).

3. Upon information and belief, Defendant has intercepted, tracked and/or recorded the electronic communications involving Plaintiff and the Class members' visits to its website, causing them injuries, including invasion of their privacy and/or exposure of their private information.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks damages authorized by the FSCA on behalf of Plaintiff and the Class members, defined below, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Palm Beach County, Florida.

6. Defendant is, and at all times relevant hereto was, a California corporation that maintains its primary place of business at 101 North Brand Boulevard, 11th Floor, Glendale,

2
CLASS ACTION COMPLAINT
08:25:26 2021-01-20

California 91203.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is proper in this Court as the amount in controversy is within the jurisdictional limit of this Court.

8. Defendant is subject to personal jurisdiction because it maintains its primary place of business in this State.

9. Venue is proper in this Court because a signification portion of the violations alleged herein occurred in this judicial district.

## FACTS

10. Defendant owns and operates the following website: www.legalzoom.com.

11. Over the past year, Plaintiff visited Defendant's website (www.legalzoom.com) approximately twelve times.

12. Plaintiff most recently visited Defendant's website on or about November 2020.

13. Plaintiff was in Florida each time she visited Defendant's website.

14. Upon information and belief, during one or more of these visits, Defendant utilized tracking, recording and/or session replay software to contemporaneously intercept, track and/or record Plaintiff's use and interaction with the website, including mouse clicks and movements, information inputted by Plaintiff, and/or pages and content viewed by Plaintiff. Defendant also recorded Plaintiff's location during the visits.

15. Plaintiff was never notified that his electronic communications were being intercepted, and Plaintiff never consented to interception of his electronic communications by Defendant.

16. At no point in time did Plaintiff provide Defendant or its agent with consent for the interception, tracking, or recording of Plaintiff's electronic communications.

17. Upon information and belief, Defendant similarly intercepted, tracked, and/or recorded the electronic communications of other individuals located in Florida who visited Defendant's website.

18. Defendant's surreptitious interception Plaintiff's electronic communications caused Plaintiff harm, including invasion of his privacy and/or the exposure of private information.

## CLASS ACTION ALLEGATIONS

### PROPOSED CLASS

19. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent is defined as:

> All persons residing within the State of Florida who visited Defendant's website and whose electronic communications were intercepted by Defendant or on Defendant's behalf without the prior consent of the person.

20. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation..

### NUMEROSITY

21. The Class members are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff, but may be readily ascertained from Defendant's records and is believed to be no less than 100 individuals. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

22. The identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial

determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

23. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(1) Whether Defendant violated the FSCA;

(2) Whether Defendant intercepted, tracked, and/or recorded Plaintiff's and the Class members' electronic communications;

(3) Whether Defendant disclosed to Plaintiff and the Class Members that it was intercepting their electronic communications;

(4) Whether Defendant secured prior consent before intercepting Plaintiff's and the Class members' electronic communications;

(5) Whether Defendant is liable for damages, and the amount of such damages; and

(6) Whether Defendant should be enjoined from such conduct in the future.

24. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely intercepts electronic communications without securing prior consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

25. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

26. Plaintiff is a representative who will fully and adequately assert and protect the

1  interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate
2  representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

27. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are potentially in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

28. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of the FSCA, Fla. Stat. Ann. § 934.03
### (On Behalf of Plaintiff and the Class)

29. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

30. It is a violation of the FSCA to intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any electronic communication. Fla. Stat. Ann. § 934.03(1)(a).

31. Further, it is a violation to intentionally use, or endeavor to use, "the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection[.]" Fla. Stat. Ann. § 934.03(1)(d).

32. The FSCA defines "intercept" as the "acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Fla. Stat. Ann. § 934.02(3).

33. The FSCA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce…." Fla. Stat. Ann. § 934.02(12).

34. Defendant violated § 934.03(1)(a) of the FSCA by intercepting, tracking, and/or recording Plaintiff's and the Class members' electronic communications when they visited Defendant's website.

35. Defendant intercepted, tracked, and/or recorded Plaintiff's and the Class members' electronic communications without their prior consent.

36. Defendant violated § 934.03(1)(d) of the FSCA by using the unlawfully intercepted electronic communications.

37. Plaintiff and the Class members had an expectation of privacy during their visits to Defendant's website, which Defendant violated by intercepting, tracking, and/or recording their visits.

38. As a result of Defendant's conduct, and pursuant to § 934.10 of the FSCA, Plaintiff and the other members of the putative Class were harmed and are each entitled to "liquidated

damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]" Fla Stat. Ann. § 934.10(b).

39. Plaintiff is also entitled to "reasonable attorney's fees and other litigation costs reasonably incurred." Fla Stat. Ann. § 934.10(d).

40. Plaintiff and the Class members are also entitled to an injunction.

**WHEREFORE**, Plaintiff Albert Alhadeff, on behalf of himself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Florida Security of Communications Act;

b. An injunction prohibiting Defendant from intercepting the electronic communications of individuals visiting Defendant's website without their knowledge and consent;

c. An award of actual, liquidated damages, and/or punitive statutory damages;

d. Reasonable attorney's fees and costs; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Respectfully submitted,

Dated: January 20, 2021

By: /s/ Scott Edelsberg

**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
California Bar No. 330990
scott@edelsberglaw.com
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320

**HIRALDO P.A.**
Manuel Hiraldo, Esq.
Florida Bar No. 030380
(*pro hac vice* to be filed)
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
MHiraldo@Hiraldolaw.com
Telephone: 954-400-4713

*Counsel for Plaintiff and Proposed Class*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

21STCV02361
**ALBERT ALHADEFF, et al. vs LEGALZOOM.COM, INC.**

January 27, 2021
8:22 AM

Judge: Honorable Carolyn B. Kuhl
Judicial Assistant: L. M'Greené
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** COURT ORDER REGARDING NEWLY FILED CLASS ACTION

The Clerk's Office has randomly assigned this case to this department for all purposes. By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. Pursuant to Government Code Section 70616 (a)-(b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court, within 10 calendar days of this date.

The Court stays this case for all purposes, except for service of the Summons and Complaint, and filing notice of appearance or an affidavit of prejudice pursuant to Code of Civil Procedure Section 170.6. The stay continues at least until the Initial Status Conference. Initial Status Conference is scheduled for 04/02/2021 at 10:00 AM in Department 12 at Spring Street Courthouse.

This Order addresses:

(1) Requirements for early sign-up with an e-service provider in order to facilitate communication with the parties throughout the pendency of the case.
(2) Directives regarding appearance at status conferences.
(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.
(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a Joint Initial Status Conference Response Statement.

******

(1) Early sign-up with an e-service provider.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use a third-party cloud service that provides an electronic message board. In order to

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

21STCV02361
**ALBERT ALHADEFF, et al. vs LEGALZOOM.COM, INC.**

January 27, 2021
8:22 AM

Judge: Honorable Carolyn B. Kuhl
Judicial Assistant: L. M'Greené
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

---

facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten court days in advance of the Initial Status Conference and advise the Court via email to sscdept12@lacourt.org, which provider was selected. The Court will issue an e-service order.

The court intends to use the message board provided by the e-service provider to communicate with the parties in order to determine if the court can issue a Case Management Order and set deadlines without the parties or attorneys appearing in the courtroom.

Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently available in the Complex Courts.

(2) Directions regarding appearance at status conferences.

Based on current conditions and public health requirements and recommendations regarding the spread of COVID-19, all appearances for status conferences should be by LA CourtConnect (see LACourt.org) absent an articulable special need to appear in person. Counsel also are strongly urged to appear via LA CourtConnect for law and motion matters. The Court must reduce crowding in our physical court facilities to the maximum extent possible.

(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.

As stated above, pending further order of this Court, THESE PROCEEDINGS ARE STAYED IN THEIR ENTIRETY. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case and to reduce litigation costs through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case; however, it stays all outstanding discovery requests.

Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

21STCV02361　　　　　　　　　　　　　　　　　　　　　　　　January 27, 2021
ALBERT ALHADEFF, et al. vs LEGALZOOM.COM, INC.　　　　　　　8:22 AM

Judge: Honorable Carolyn B. Kuhl　　　　　CSR: None
Judicial Assistant: L. M'Greené　　　　　　ERM: None
Courtroom Assistant: None　　　　　　　　Deputy Sheriff: None

---

(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a Joint Initial Status Conference Response Statement.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Prior to the Initial Status Conference, Counsel for all parties are ordered to meet and confer in person (no later than 10 days before the Conference). Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement, five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered topics. Do not use the Judicial Counsel Form CM-110 (Case Management Statement).

1. PARTIES AND COUNSEL: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. STATUS OF PLEADINGS: Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. POTENTIAL ADDITIONAL PARTIES: Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. ESTIMATED CLASS SIZE: Please discuss and indicate the estimated class size.

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

21STCV02361
ALBERT ALHADEFF, et al. vs LEGALZOOM.COM, INC.

January 27, 2021
8:22 AM

Judge: Honorable Carolyn B. Kuhl
Judicial Assistant: L. M'Greené
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

7. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS: Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES: Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. POTENTIAL EARLY CRUCIAL MOTIONS: Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more, of the following:
Motion to Compel Arbitration,
Early motions in limine,
Early motions about particular jury instructions and verdict forms,
Demurrers,
Motions to strike,
Motions for judgment on the pleadings, or
Motions for summary judgment or summary adjudication.

10. CLASS CONTACT INFORMATION: Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third-party administrator.

11. PROTECTIVE ORDERS: Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12. DISCOVERY: Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seek discovery from absent class members, please estimate how many, and also state the kind of discovery you propose (See California Rule of Court, Rule 3.768).

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

21STCV02361  
**ALBERT ALHADEFF, et al. vs LEGALZOOM.COM, INC.**

January 27, 2021  
8:22 AM

Judge: Honorable Carolyn B. Kuhl  
Judicial Assistant: L. M'Greené  
Courtroom Assistant: None

CSR: None  
ERM: None  
Deputy Sheriff: None

---

13. INSURANCE COVERAGE: Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

14. ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's position about it. If pertinent, how can the court help prepare the case for a successful settlement negotiation?

15. TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the following:
The next status conference,
A schedule for alternative dispute resolution, if it is relevant,
A filing deadline for the motion for class certification, and
Filing deadlines for and descriptions of other anticipated non-discovery motions.

******

Plaintiff's counsel is directed to serve a copy of this Order on counsel for all parties, or, if counsel has not been identified, on all parties, within five (5) days of service of this Order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this Order. The plaintiff must file a Proof of Service in this department within seven days of service.

IT IS SO ORDERED

*[signature: Carolyn B Kuhl]*

CAROLYN B. KUHL  
Judge of the Superior Court

DATED: 1/27/2021

Counsel below is to provide notice to all parties.

Certificate of Mailing is attached.

---

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

## NOTICE OF CASE ASSIGNMENT

## UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
01/20/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____T. Herrera_____ Deputy

Your case is assigned for all purposes to the judicial officer indicated below.

**CASE NUMBER:** 21STCV02361

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/21/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _T. Herrera_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)   **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06